IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **HAJI KABBA HYDARA,** | : | **HABEAS CORPUS** |
| Petitioner, | : | **28 U.S.C. § 2241** |
| | : | |
| v. | : | |
| | : | |
| **JEFF SESSIONS et al.,** | : | **CIVIL ACTION NO.** |
| Respondents. | : | **1:18-CV-1818-TWT-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Petitioner, Haji Kabba Hydara, confined in the Atlanta City Detention Center in Atlanta, Georgia, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1.] Petitioner paid the $5.00 filing fee. [*See* Dkt. Entry Apr. 26, 2018.]

The matter is before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b). Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"). For the reasons discussed below, the undersigned **RECOMMENDS** that the petition be

AO 72A
(Rev.8/82)

**DISMISSED WITHOUT PREJUDICE**.

**I.     Discussion**

Petitioner, a citizen of The Gambia, entered the United States in January 2000. [*Doc.* 1 at 1.] In September 2010, Petitioner was (1) convicted of possessing and selling marijuana, and (2) sentenced to twenty years of imprisonment, suspended after ten years. [*Id.* at 2.] However, Petitioner was released from prison in April 2014. [*Id.*] Petitioner was then detained by Immigration and Customs Enforcement (ICE) until July 2014. [*Id.*] Petitioner was released from detention because ICE "could not secure his travel documents from The Gambia embassy." [*Id.*] Petitioner subsequently attempted to secure those documents himself, but was unsuccessful. [*Id.* at 2, 5-6.]

On November 8, 2017, Petitioner surrendered to ICE. [*Id.* at 2.] Petitioner executed his § 2241 petition on April 16, 2018, and postmarked it on April 24, 2018. [*Id.* at 9; Doc. 1-2 at 2.] Petitioner seeks release because his detention has lasted "for over [five] months without ICE being able to secure his travel documents." [Doc. 1 at 2, 9.]

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . ." 8 U.S.C. § 1231(a)(1)(A). "Federal law authorizes aliens removable for violations of criminal law . . . to be

2

detained beyond the ordinary 90-day removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002) (per curiam) (citing 8 U.S.C. § 1231(a)(6)).

"The Supreme Court has concluded that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention. *Zadvydas v. Davis*, 533 U.S. 678, 688 . . . (2001)." *Id.* at 1051 n.1 (internal quotation marks omitted). "The Supreme Court . . . confirmed that six months is a presumptively reasonable period to detain a removable alien awaiting deportation [for violations of criminal law. *Zadvydas*, 533 U.S. at 701.[ ] . . . This six-month period . . . must have expired at the time [when the] § 2241 petition was filed in order to state a claim under *Zadvydas*." *Id.* at 1051-52 (footnotes omitted).

In the present case, Petitioner surrendered to ICE on November 8, 2017, and the six-month period specified in *Zadvydas* expired on May 8, 2018. Petitioner executed his § 2241 petition on April 16, 2018, and postmarked it on April 24, 2018. Petitioner filed his § 2241 petition too early. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) (explaining that filing occurs on date of submission for mailing). Therefore, Petitioner fails to state a claim under *Zadvydas*, and the § 2241 petition should be dismissed without prejudice.

## II. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that the § 2241 petition, [Doc. 1], be **DISMISSED WITHOUT PREJUDICE**. The undersigned offers no recommendation regarding a certificate of appealability (COA) because 28 U.S.C. § 2253(c)(1) does not apply to Petitioner.[1]

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this  8th  day of May, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  *See also* Final Report and Recommendation, *Arias v. Stone*, No. 2:12-cv-222-WCO, at 14 n.2 (N.D. Ga. May 13, 2013) (explaining that 28 U.S.C. § 2253(c)(1) does not apply to federal immigration detainees), *adopted*, Order, *Arias v. Stone*, No. 2:12-cv-222-WCO (N.D. Ga. June 6, 2013).

AO 72A
(Rev.8/82)